Martin J. NORTON, Plaintiff,

v.

Modestino ACONE, d/b/a Sparkle Maintenance Co. and Industrial Service Co., Defendant.

Civ. A. No. 60–239–C.

United States District Court
D. Massachusetts.

March 14, 1961.

---

cleaning services to various business establishments in Boston, Massachusetts. Most of these establishments are meat-packing or meat-cutting houses. I find and rule that these meat packers were at all material times engaged in the production and distribution of goods in interstate commerce, and I find that defendant's employees rendered services to these meat packers consisting of sweeping, washing, waxing, and otherwise cleaning and policing the premises used for meat packing, to such an extent that defendant's employees were engaged in a process or occupation directly essential to the production by the meat packers of goods for distribution in interstate commerce. This finding is based on testimony that without services of the type rendered by the defendant, United States Government inspectors would not allow the meat packers to operate.

The parties agree that during the period April 11, 1958 to September 1, 1959, plaintiff was employed by defendant as a sweeper or cleaner, and it is also admitted that during this period defendant did not pay plaintiff 1½ times his regular rate of pay for any overtime, if, in fact, plaintiff did work in excess of 40 hours in any given week. The evidence established that plaintiff was paid a basic rate of $1.25 per hour. During the period material to this case, plaintiff had a "full-time" 40 hour per week position with the United States Post Office in Boston. His claim in the instant case is that in addition to this Post Office job, he worked as a cleaner-sweeper for defendant an average of about 54 hours per week, i. e., he worked a combined total of 94 hours per week as a result of his duality of employment, characterized by counsel at the trial as "moonlighting."

Certain payroll records of the defendant were offered in evidence. These records establish that plaintiff consistently, over the period in issue, submitted claims indicating that he had worked more than 40 hours per week. Defendant does not

John D. Dwyer, Boston, Mass., for plaintiff.

Leon J. Kowal, Boston, Mass., for defendant.

CAFFREY, District Judge.

Plaintiff brings this action under 29 U.S.C.A. § 201 et seq., the Fair Labor Standards Act, seeking to recover $638.-28,* which he claims is the amount of money due to him for overtime work performed by him while in the employ of the defendant. Plaintiff contends that this sum is due by reason of his having worked periods in excess of 40 hours per week without having been compensated at the rate of 1½ times his regular rate of pay, in violation of Section 7 of said Act (29 U.S.C.A. § 207).

I find that defendant, Modestino Acone, doing business as Sparkle Maintenance Co. and as Industrial Service Co., is an independent contractor engaged in the business of supplying janitorial and

---

* The original ad damnum was reduced in plaintiff's opening.

challenge the fact that such claims were routinely submitted by the plaintiff and recorded by defendant as the number of hours worked by plaintiff. Indeed, a review of the payroll records for the year 1958 indicates only one week in the entire year in which plaintiff claimed less than a 40 hour week. In many of the weeks his claim was for a figure in excess of 60 hours per week. Examination of defendant's payroll records also discloses that the amount paid to plaintiff, according to these records, was the number of hours shown in the "total hours worked" column multiplied by $1.25, plaintiff's hourly rate, less deductions for income tax and Social Security, plus $5 which was allegedly paid to plaintiff for an extra duty performed by him, namely, insuring that the premises were properly locked, lights extinguished, windows closed, etc., when he left.

■ Defendant sought to explain away these payroll records by testifying that each of the various establishments which plaintiff was directed to clean had been previously "job-rated" by defendant. This job-rating consisted of timing three different men doing the necessary work at the particular establishment for a period of one week each. On the basis of this job-rating, so-called, defendant assigned a given number of hours as the proper time for performing cleaning operations at that particular plant. Defendant contends that plaintiff was a fast worker and was able to do many of the jobs in approximately half the job-rated time. Defendant likewise contends that on the basis of actual observation, the plaintiff never worked more than 27 or 28 hours per week for him at any time material to this case. Plaintiff admitted that he did submit time sheets which in fact exaggerated the number of hours he worked per week. However, plaintiff's version of the exaggeration was that it consisted merely of claiming from 55 to 60 hours work per week as against his actually working an average of 54 hours per week. Plaintiff likewise contended that he based his case on records kept by him with reference to his overtime work. These records, he admitted, were not made by him in the normal course of business during the years 1958 and 1959, but were prepared by him, in reliance only on his memory, in September of 1960, several months after this case had been filed. The burden to keep proper records is, of course, upon the defendant employer and not upon the plaintiff employee. Cf. Mitchell v. Sulahian, D.C., 189 F.Supp. 679.

■ While the oral testimony of the parties was clearly conflicting as to the number of hours plaintiff actually worked, the defendant's payroll records indicate that the pay to the plaintiff was, in fact, a sum equal the number of hours claimed multiplied by $1.25, less required deductions, and frequently plus the $5 "side pay" referred to above. While admittedly the case is close, I do not believe that plaintiff would have been paid in any one week such sums as $90, $92.50, $87.-50, $89.69, $93.13, $85.93, etc., had he worked merely 27 or 28 hours per week as defendant now contends. Defendant's records indicate that in every week in the two year period (save three or four widely scattered weeks), plaintiff claimed that he worked a substantial number of overtime hours, and those same records establish that he was paid a sum consistent with the number of hours he claimed, multiplied by his stated rate per hour, without any time and a half for overtime.

On the basis of the defendant's records, which I find establish the fact that the plaintiff did work overtime, I find that plaintiff worked an average of 10 hours per week overtime, for which he is entitled to receive $6.25 per week, for 73 weeks, or a total of $456.25, and a reasonable attorney's fee in the amount of $150.

Judgment for the plaintiff in the amount of $606.25, and costs.